The Honorable Sharon Priest Secretary of State State Capitol Little Rock, Arkansas 72201-1094
Dear Ms. Priest:
This is in response to your request, pursuant to Acts 1006 and 1007 of 1995, for my approval of two ballot titles for a measure to be presented to the people at a special election to be held on January 9, 1996. Specifically, the questions to be presented to the electorate are the issuance of three and a half billion dollars in State of Arkansas Highway Construction and Improvement General Obligation Bonds and a five cent per gallon increase in the tax on distillate special fuel, a portion of which will be pledged to repayment of the bonds. You have submitted ballot titles for each of these measures and ask for my approval of each. You also note, however, that although the acts in question, Acts 1006 and 1007 of 1995, set forth the ballot format, additional language has been added to the ballot titles you have submitted. You have asked whether the Secretary of State has authority to add the language in question.
Three initial questions require resolution prior to the approval of the ballot titles you have submitted. The first, which you have raised, is the authority of the Secretary of State to add language to the ballot titles which were prescribed in the body of Acts 1006 and 1007. The second question concerns the extent of my authority in reviewing and approving these ballot titles. The third question is the standard of review applicable to a ballot title of this nature, which is a measure required, in part, to be submitted to the people for approval under Amendment 20 to the Arkansas Constitution, rather than Amendment 7 to the Arkansas Constitution.
I conclude that the ballot titles you have submitted are in "substantially" the form prescribed by the legislature in Acts 1006 and 1007, (which is what the acts require), that my authority to act in any way to modify the language you have submitted is unclear under present law, and that the standard of review in analyzing the sufficiency of these ballot titles is the same as for ballot titles arising under Amendment 7 to the Arkansas Constitution. I am hereby approving the ballot titles as you have submitted them to me. I have made no changes in either ballot title and have attached copies thereof hereto.
As to the question you have raised, both Acts 1006 and 1007 state that the ballot title and the proposition(s) set forth in the acts "shall be submitted by the Secretary of State to the Attorney General for approval in substantially the following form. . . ." Act 1006 § 6(c) and Act 1007 § 5(c). Emphasis added. The Acts then set out the ballot form and refer back to the propositions listed in the Acts. It appears that the Governor, in issuing his proclamation calling the special election on January 9, 1995, has added language to these ballot titles identical to the language you have submitted for my approval. The proclamation states that the Secretary of State shall submit the ballot titles to the Attorney General in the form set forth in the proclamation. See
Proclamation of the Governor dated November 8, 1995, at § 4. I assume, therefore, that this is why your submission is identical to the language used in the proclamation.
The issue you have raised involves a determination of whether the ballot titles you have submitted for my approval are "substantially" in the form prescribed by the legislature. As noted above, Acts 1006 and 1007 set forth the ballot titles and state that the Secretary of State shall submit the titles and the propositions to the Attorney General for approval in "substantially" the form prescribed by the Acts. It is my conclusion that although language has been added, your submission is in "substantially" the form set forth by the legislature. In my opinion you would not have authority to submit for my approval a ballot title which was not "substantially" in the form prescribed by the legislature, the Governor's proclamation notwithstanding. See generally, Op. Att'y Gen.93-360, note 1.
The second issue for resolution is less clear. Historically, this office has not been involved in approving or preparing ballot titles for the type of measure at issue. That is, this office ordinarily has no role in the modification or approval of ballot titles summarizing measures submitted to the people other than through the provisions of Amendment 7
to the Arkansas Constitution. See A.C.A. § 7-9-107 (1987) (detailing my authority in this regard). This is not such a measure. These measures, at least the measure seeking the issuance of general obligation bonds, are submitted to the people due to the requirements of Amendment 20 to the Arkansas Constitution. Acts 1006 and 1007 of 1995, however, both assume that the Attorney General has the authority to approve these ballot titles. Each requires the Secretary of State to submit the ballot titles to this office for "approval" in a substantially prescribed format. The acts do not go on, however, to detail the extent of my authority over the approval of these ballot titles. Is my duty to approve these ballot titles merely ministerial, or am I accorded the same discretion in this matter as is accorded me by A.C.A. § 7-9-107 with regard to Amendment 7 measures? I can glean no satisfying evidence of legislative intent on this question. As noted previously, I am approving the titles you have submitted without change. If my duty in this regard is ministerial, therefore, I have complied with the requirements of the statute. I will note, however, in the event it is determined that I am accorded some discretion over the titles, that I believe the submission is in "substantially" the form prescribed by the legislature, that the additions made are necessary to adequately inform the voters of the issues presented, and therefore I approve the additions to the statutorily prescribed format.
Even if it is determined that the language of your submission is not "substantially" in the form prescribed by the legislature, it would appear, despite such technical issues, that the crucial issue, should there be a challenge to these ballot titles, is whether their substance is partisan or misleading. See Riviere, Secretary of State v. Wells,270 Ark. 206, 604 S.W.2d 560 (1980), (finding noncompliance with a statute governing submission of a new proposed constitution, but also finding a misleading and partisan ballot). The Wells case is also instructive on the third issue for resolution, the standard of review for ballot titles such as the one you have submitted. The Wells court stated that "[t]here has been judicial review of the method of presentation of questions on the ballot at general elections for many years. This has been done in connection with proposed constitutional amendments, initiated acts and referendums. [Citations omitted.] The same principles which call for action by the judicial branch in those cases, in which there is no specific provision, [sic] either by statute or constitution, for judicial review of ballot titles, are applicable here." 270 Ark. at 212. Thus, according to the language of the court, the same standard of review applicable to Amendment 7 ballot titles is applicable to other ballot submissions, presumably including ballot titles summarizing measures submitted to the people as required by Amendment 20.
The cases setting the standard of review for ballot titles under Amendment 7 require that the ballot title honestly, intelligently, and fairly set forth the purpose of the proposed measure. See ArkansasWomen's Political Caucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846
(1984). A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994),citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988), Hoban v. Hall, supra, andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citingLeigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
It is my conclusion, after a review of the ballot titles you have submitted, that they meet the test set out above. The ballot titles, which are appended hereto, are hereby approved as submitted.
The foregoing review, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh